THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
FREDERICK E. WADHAMS, Appellant.

CONSTITUTIONAL LAW — PROHIBITION AGAINST USE OF FREE RAILROAD
PASSES BY PUBLIC OFFICERS APPLIES TO PALACE AND SLEEPING CAR
PASSES — CONST. ART. XIII, § 5.    A public officer, who accepts the privi-
lege of riding in a palace or sleeping car accorded to him by a free pass,
accepts a free pass and free transportation within the meaning of section 5
of article XIII of the Constitution prohibiting the use by a public officer
of free transportation.

(Argued June 4, 1903; decided October 6, 1903.)

APPEAL from a judgment of the General Term of the
Supreme Court in the third judicial department, entered May
31, 1895, affirming a judgment in favor of plaintiff entered
upon the report of a referee.

This action was brought for the purpose of ousting the
defendant from his office as notary public, for having accepted
from the Wagner Palace Car Company a free pass for his use
and benefit, and having used the same upon the cars of said
Wagner Palace Car Company while being transported over
the line of the Delaware and Hudson Canal Company, in viola-
tion of section 5 of article 13 of the State Constitution.

*Frederick E. Wadhams* for appellant.

*John Cunneen* for respondent.

PARKER, Ch. J.    We held in *People* v. *Rathbone* (145 N.
Y. 434) that a notary public is a public officer within the
meaning of the provision of the State Constitution (Art. XIII,
§ 5) prohibiting a public officer or a person elected or appointed
to public office under the laws of this state from receiving
from any person or corporation, or making use of "any free
pass, free transportation," etc.    And necessarily, therefore,
the conclusion was reached in that case that the defendant,
having received and made use of a free pass over a railroad,
the People could maintain an action against him to have his
office adjudged to be forfeited.

The difference between that case and this one is that the pass received by Rathbone entitled him to ride upon the lines of the corporation issuing the pass, while in this case the defendant paid his fare, but occupied a seat in a palace car belonging to another corporation, and did not pay for it, but instead presented to the conductor a pass issued by the Wagner Palace Car Company in the name of defendant entitling him, without charge, to accommodations in the palace or sleeping cars of that company running over any railroad in New York state.  Accommodations of this kind have come to be regarded as a necessity by a considerable portion of the traveling public, and rather than not have the benefit of such accommodations a substantial percentage of the traveling population pay for the privilege of enjoying them.

We hold — and we think argument is not needed in support of the proposition — that a public officer who accepts the privilege of riding in a palace or· sleeping car accorded to him by a pass such as was issued in this case, accepts a free pass and free transportation within the meaning of that portion of section 5 of article XIII of the Constitution which reads as follows : " No public officer, or person elected or appointed to a public office, under the laws of this state, shall directly or indirectly ask, demand, accept, receive or consent to receive, for his own use or benefit, or for the use or benefit of another any free pass, free transportation, franking privilege or discrimination in passenger, telegraph or telephone rates, from any person or corporation, or make use of the same himself or in conjunction with another."

It follows that the judgment ousting defendant from his office as notary public should be affirmed, without costs.

GRAY, O'BRIEN, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment affirmed.