WALTER KIP, PLAINTIFF-CROSS APPELLANT, v. PEOPLES BANK AND TRUST COMPANY, DEFENDANT-APPELLANT.

Argued October 26, 1932—Decided January 31, 1933.

For the plaintiff-cross appellant, *Heine & Laird* (*John A. Laird* and *Edward L. Duggan,* of counsel).

For the defendant-appellant, *Henry C. Whitehead* (*Israel B. Green,* of counsel).

The opinion of the court was delivered by

CASE, J. This case comes up on appeal by the defendant and cross appeal by the plaintiff; the matters below having been heard and disposed of by Circuit Court Judge Mackay at the Passaic Circuit.

Kip, a notary public, was employed by the defendant over a period of about twenty-two years to render notarial services in connection with the protest of checks, notes and negotiable instruments in the course of defendant's banking business. By agreement between the parties, plaintiff was paid a salary of $75 a month, and defendant received and retained the notarial fees. During the entire period the plaintiff accepted the monthly compensation in full payment of his services and made no claim or demand for the whole or any part of the notarial fees until he had quit the employment, having received the aforesaid salary in full. Thereafter he brought this action.

The complaint contains three counts, all grounding in the proposition that, as a notary public, the plaintiff performed notarial services for which he became entitled to the notarial fees fixed by the statute and two of them alleging the receipt of the fees and the retention of them by the defendant. The stated obligation of the defendant is to pay the plaintiff the full amount thereof for the entire period of service less the monthly payment of $75. Defendant's answer admitted the receipt and retention of certain fees but set up that the services rendered by the plaintiff were performed by him as defendant's agent and at a monthly compensation which was paid to and received by him, by mutual agreement, in full satisfaction for such services, and that the plaintiff was thereafter estopped to deny the contract or to assert a claim for other or additional compensation; and further that the plaintiff was barred by the statute of limitations as to all claims arising prior to a date antecedent by six years from the date of the beginning of the action. On plaintiff's motion the court struck out the defendant's answer as to so much of the claim as fell within six years next preceding the institution of the suit; and defendant's appeal lies from the order

thereon. On defendant's motion the court struck out so much of the demand as related to a period prior to six years before the institution of the suit; and plaintiff's appeal lies from that order. The judge, sitting without a jury, found for the plaintiff for the fees during the last six-year period less the monthly payments, the sum being $22,039.50 damages and costs. It was agreed by plaintiff and defendant that that was the amount due the plaintiff if he was entitled to recover for the six-year period.

The contention of the defendant is five-fold: First, that a domestic notary public is not a public officer; second, that the plaintiff's services were not official acts; third, assuming that a notary is a public officer, he is not such an officer as to come within the rule prohibiting public officers from assigning their fees or emoluments or accepting less than permitted by statute; fourth, assuming that the contract was void when made, on the ground of public policy, that that conclusion does not affect the case at bar because here the plaintiff, by his conduct, after earning the fees waived the same and made a gift thereof to the defendant and is thus estopped from claiming same; fifth, the notary's fees allowed by our statute are permissive and not mandatory and may be waived in whole or in part.

Defendant's first point on appeal is negatived by *Geddis* v. *Westside National Bank,* 106 *N. J. L.* 238, wherein this court adopted the opinion below by Circuit Court Judge Newman in 7 *N. J. Mis. R.* 245. Defendant argues that this passage in the Geddis opinion—"both counsel agree that a notary public is a public officer"—indicates that the court assumed, but did not decide, the legal proposition involved in the statement. We think otherwise. The finding that a notary public was a public officer was an essential step in the conclusion reached, and we understand the quoted sentence to be a pronouncement of the law with the added observation that counsel on both sides agreed therewith. That such is the law is well established. The office of notary public is of ancient origin and for many centuries has been known to most, if not all, Christian nations. *In re Opinion of the Jus-*

*tices,* 150 *Mass.* 586; 23 *N. E. Rep.* 850; 6 *L. R. A.* 842. While some of the functions of a notary public vary with the jurisdiction others are very generally attached to the office. Perhaps no description will, in each detail, fit everywhere, but 46 *C. J.* 501 gives this:

"A notary or notary public is a public officer whose function it is to attest and certify, by his hand and official seal, certain classes of documents, in order to give them credit and authenticity in foreign jurisdictions; to take acknowledgments of deeds and other conveyances, and certify the same; and to perform certain official acts, chiefly in commercial matters, such as the protesting of notes and bills, the noting of foreign drafts, and marine protests in cases of loss or damage."

A notary public has not only the powers and duties that come to him from the laws of the jurisdiction of his appointment but also those that because of such appointment come from foreign states and nations. Illustrative of the recognition and credit given outside the jurisdiction to the official acts of that officer is our own statute, an act relative to oaths and affidavits. 3 *Comp. Stat., p.* 3774, *pl.* 34:

"* * * Any oath, affirmation or affidavit required or authorized to be taken in any suit or legal proceeding in this state, or for any lawful purpose whatever [except official oaths and depositions required to be taken upon notice], when taken out of this state, may be taken before any notary public of the state, territory, nation, kingdom or country in which the same shall be taken * * * and a recital that he is such notary or officer in the jurat or certificate of such oath, affirmation or affidavit, and his official designation annexed to his signature, and attested under his official seal, shall be sufficient proof that the person before whom the same is taken is such notary or officer * * *."

That the office is a public office has been judicially held in numerous instances, of which the following are some: *In re Opinion of the Justices, supra; Britton* v. *Niccolls,* 104 *U. S.* 757; 26 *Law Ed.* 917; *Pitsch* v. *Continental and Commercial National Bank (Ill.),* 137 *N. E. Rep.* 198; *Teutonia*

*Loan and Building Co.* v. *Turrell,* 19 *Ind. App.* 469; 49 *N. E. Rep.* 852; *In re Opinion of the Justices,* 73 *N. H.* 621; 62 *Atl. Rep.* 969; *People* v. *Wadhams,* 176 *N. Y.* 9; 68 *N. E. Rep.* 65; *State* v. *Knight,* 169 *N. C.* 333; *L. R. A.* 1915 *F* 898. In several of the foregoing citations the history of the office and the reasoning by which the conclusion is reached are ably given and need not be repeated. So long ago as 1871 Chancellor Zabriskie, delivering an opinion of this court, said in a sentence which stated an argument of counsel and at the same time assumed the correctness of the proposition we have been discussing: "It is also urged that this is the neglect of the notary—a public officer whom the bank was obliged to employ to protest the note." *Titus & Scudder* v. *Mechanics' National Bank,* 35 *N. J. L.* 588. The authorities amply sustain the proposition that a notary public is a public officer.

Under point two the defendant tries to do what it did not do below, namely, draw a distinction between such of the plaintiff's services as were exclusively official and such as may not have been so, arguing that the complaint seeks compensation for services *in connection* with notices of protest but not for doing the actual protesting, and that, therefore, the action is for services that another than a public officer could perform. Appellant is late with this suggestion, even if it were well made, which we think, in view of the entire record, it is not. The wording of the complaint is sufficiently comprehensive to embrace the service of making protest. The accuracy of plaintiff's schedules of items was not questioned. The plaintiff's notarial records were at hand available for proof if the dispute had been made. Not only was there no dispute, but plaintiff and defendant agreed that the amount for which judgment was entered was the correct amount if plaintiff was entitled to recover; and the judge in the presence of the attorney of the plaintiff and of the attorney of the defendant, sitting by consent without a jury, received the testimony and certified, in the award, to "notarial services" by the plaintiff in other respects and also "in making and registering protest." The defendant's ground of appeal,

while it nominally specifics error in the entry of final judgment, goes in effect only to the alleged error in striking the answer. Neither the answer nor the affidavit raises the question now presented. For these several reasons point two fails of its purpose.

Without pausing to determine how far the third point applies to the facts of the case, it is enough to say that the point, as made, is contrary to the holding in *Geddis* v. *Westside National Bank, supra.*

As to the fourth point, the defenses of waiver and gift are not set up in the pleadings or the proofs. There is no suggestion in the record that the plaintiff, after earning his fees, either waived them or gave them to the defendant, or that the defendant based a defense on either of these propositions. The point does not arise from the final judgment. It goes back to the court's ruling in striking so much of the answer as related to the six-year period. That ruling was made and excepted to at the beginning of the very abbreviated hearing; but the questions now submitted were not presented or argued. A question not presented and argued in the court below will be held to have been waived and abandoned and will not be considered in an appellate tribunal. *Shaw* v. *Bender,* 90 *N. J. L.* 147; *State* v. *Heyer,* 89 *Id.* 187.

The answer does set up as defenses that the plaintiff made a contract to serve for a fixed compensation; that he accepted such compensation in full satisfaction and that he is estopped by reason thereof. The outstanding fault in the relations between the plaintiff and the defendant was the barter and sale of the functions of a public officer. The defendant was not and could not become a notary public. Yet it entered upon a system by which, paying only a comparatively nominal sum to the notary, it nevertheless charged against and collected from its customers his full statutory fees, as such, and appropriated the same to its own uses, making a large profit thereon. We think that a contract between a notary public and a bank that anticipates and authorizes such a procedure is to that extent contrary to public policy and void. And because the undertaking was contrary to public policy,

subsequent conduct of the plaintiff that went no further than the naked carrying out of the bargain, even accepting the agreed compensation, did not accomplish full satisfaction or create an estoppel. We express no opinion on the power of the officer to waive or remit a fee if and after it shall have been earned. That question is not before us.

Point five presents a legal concept that is not pertinent to the case for the reason, stated above, that the suggestion of a waiver is now advanced for the first time and so may not avail to accomplish a reversal.

There will be an affirmance on the defendant's appeal.

Plaintiff alleges as the ground of his appeal that the trial court erroneously directed a verdict in favor of the defendant and against the plaintiff as to the claim and demand of the plaintiff for the period prior to six years before the institution of the suit. In support he cites several decisions, all of which, except one, are by or against a municipality or a branch of the government. The exception is *McFarlan* v. *Morris Canal and Banking Co.*, 44 *N. J. L.* 471, wherein an action was brought under the provisions of defendant's charter to recover damages for a permanent injury to plaintiff's lands and water rights by the raising of defendant's dam. We perceive a distinction, however, between these cases and the case at bar in that the services herein were rendered under a contract of employment. The plaintiff and the defendant, being respectively under no obligation to serve or to employ, assumed contractual relations, out of which grew the right to the statutory compensation and in pursuance of which the plaintiff performed, and sues and recovers for, services inclusive of and also services in addition to those which only a notary or other specially authorized public officers may render. Although the statute is the controlling factor in fixing the amount of compensation, it did not give rise to the employment and may not, we think, be regarded as the single origin of the transaction out of which the relations between the plaintiff and the defendant arose. Although a bank and a notary may not bargain in the respect that we have condemned, it does not follow that they may

not otherwise lawfully contract or that a contract made must necessarily fall in all its parts because of the mistaken effort to vary the true course as to the collection and payment of fees.

We are presented with an exceedingly meagre record—the complaint and answer, two very brief and rather evasive affidavits, and less than a page of uninforming testimony. The record discloses that there was a discussion between counsel and the court at the "side bar," and apparently the vital points of the case were there disclosed and considered; but we have no knowledge of what there transpired. The ample briefs scarcely atone for the paucity of the substance upon which important legal questions must turn. We receive the impression that the action is primarily for the recovery of notarial fees received and retained by the defendant. Two of the counts of the complaint so allege; the answer admitted the collection and retention but sought to defend by alleging payment of the monthly compensation; and plaintiff's brief asserts:

"In the first place the actual record in the case as shown by the certificate of the Supreme Court is that plaintiff and defendant agreed and the court found that in the beginning of 1909 Kip was employed to render notarial services at $75 per month and the bank was to *retain* all notarial fees. * * * The agreement having been made between the parties, the bank *proceeded to collect* the notarial fees which were thereafter earned by Kip and Kip received monthly the agreed amount from the bank. * * * By agreement of the parties the certificate of the Supreme Court finds the amount of fees *collected by the bank* and the credit against the same for the monthly payments to Kip."

An obligation to pay over money received by the defendant with the consent of and for the account of the plaintiff is not purely statutory as by the terms of the opinion was stated to be the case in *Warren County* v. *Harden,* 95 *N. J. L.* 122, 124.

Viewed in any light the instant suit has more of the elements of inter-party convention than has any of the line of

cases upon which plaintiff relies, and we are of the opinion that section 1 of our statute of limitations (3 *Comp. Stat.*, p. 3162), in providing that "all actions of debt, founded upon any lending or contract without specialty, * * * shall be commenced and sued within six years next after the cause of such actions shall have accrued, and not after" is comprehensive of plaintiff's demand. This leads to an affirmance on plaintiff's appeal.

The final judgment and the orders appealed from are affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.