WILLIAM H. WEART, PLAINTIFF, v. FIRST NATIONAL BANK OF DUNELLEN, A NATIONAL BANKING CORPORATION, DEFENDANT.

Decided July 14, 1933.

For the motion, *Blanchard & Carey.*

Opposed, *Joseph J. Mutnick.*

LAWRENCE, S. C. C. This suit was instituted by plaintiff to recover of defendant bank approximately $10,000, covering alleged official fees as a notary public in protesting promissory notes, inland bills of exchange and other negotiable paper for the institution from July 1st, 1923, to January 23d, 1932, during which period plaintiff was in its employ as bookkeeper and cashier, under an annual salary. The suit is made to rest on the holding in the case of *Geddis* v. *West Side Na-*

*tional Bank,* 7 *N. J. Mis. R.* 245; 145 *Atl. Rep.* 731, later affirmed by the Court of Errors and Appeals, 106 *N. J. L.* 238; 148 *Atl. Rep.* 917. On the argument of the present motion *Kip* v. *Peoples Bank and Trust Co.,* 110 *N. J. L.* 178; 164 *Atl. Rep.* 253, was also relied on. The motion is to strike the amended answer and counter-claim of defendant as partly frivolous or sham. There are fifteen separate defenses pleaded and it is not found necessary to refer to them in detail, as the trial judge will limit the issues at the trial to those matters not within the scope of the matters disposed of in either the Geddis or Kip cases in the appellate court. It will suffice to say that the pleader evidently seeks to raise questions not considered in either of the cases to which reference is made, such as the bank's contract with plaintiff to serve for a fixed compensation and an acceptance thereof in full satisfaction, together with a waiver and gift of his fees as a notary or the remitting thereof, under such contract. The statute of limitations is also pleaded, which it is conceded cannot be stricken, as it is clearly applicable to all fees sought to be recovered beyond the six-year period before the commencement of the suit. The counter-claim covers the expense incurred by the bank in purchasing notarial records and other supplies necessary to be used and actually used by plaintiff in the performance of his official duties as a notary, for which he himself did not pay. The theory appears to be that if plaintiff is entitled to his fees, then the defendant was under no obligation to provide him with his records and supplies, clerical assistance, notarial seal and the expense of his commission. This raises a novel question in such litigation and ought not to be disposed of on a mere motion to strike. The motion to strike the answer here under consideration will be denied without prejudice to its renewal at the trial as to those matters that are found to be within the scope of the decision in *Kip* v. *Peoples Bank and Trust Co., supra.* The denial of the motion is not to carry costs.