CHARLES S. KRESS, Respondent, Appellant, v. MANUFACTURERS TRUST COMPANY, Appellant, Respondent.

First Department, February 26, 1937.

*James F. Donnelly* of counsel [*Samuel Michelman* and *Joseph W. Landes* with him on the brief], for the respondent, appellant.

*Leonard G. Bisco* of counsel [*William J. Granger* and *N. Wolfe Morgan* with him on the brief; *Newman & Bisco*, attorneys], for the appellant, respondent.

TOWNLEY, J.   We agree with the result reached by the learned trial justice as to the claim for notarial fees earned by the plaintiff but collected and withheld from him by the defendant.   (*Pitsch* v. *Continental and Commercial National Bank of Chicago*, 305 Ill. 265; 137 N. E. 198; *Geddis* v. *Westside National Bank of West Paterson, N. J.*, 7 N. J. Misc. 245; 145 A. 731; affd., 106 N. J. L. 238; 148 A. 917; *Kip* v. *Peoples Bank & Trust Co.*, 110 N. J. L. 178; 164 A. 253; *Diehl, C. E., Inc.*, v. *Sheehan*, 258 N. Y. 624.) We cannot concur, however, with the further holding that plaintiff must give credit to the defendant for the salary paid during his employment on the theory that that salary amounted to a partial payment of the fees collected.   The evidence is undisputed that plaintiff did clerical work, took many acknowledgments and affidavits for the bank without charge, frequently appeared in court, and notarized some 14,000 protests for which he has received no pay whatsoever because of the failure of the bank to collect his fees. The salary paid is no more than a fair compensation for these extra items.   To allow a credit of the salary against the fees collected would unjustly enrich the defendant at plaintiff's expense.

The judgment should be modified by disallowing the salary credit and increasing it to $25,237.50, with interest from December 15, 1932, and as modified, affirmed, with costs to the plaintiff.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; DORE, J., dissents and votes to reverse and grant judgment for the defendant.

DORE, J. (dissenting).   During all the years that the plaintiff performed the work of protesting notes for both the Commonwealth Bank and Manufacturers Trust Company, the banks paid him a regular salary without regard to the volume of protest work or the amounts charged or collected therefor, continued to pay the

salary when he was on vacation and during illness, and also bore all expense in connection with the work. The fees for plaintiff's license or appointment as a notary were paid by the banks and not by the plaintiff; the salaries of his two assistants were paid by the Manufacturers Trust Company; the bank supplied all printed forms required for the work and the record books necessary, and plaintiff occupied a desk in the bank's premises without charge. So far as this record discloses, the plaintiff would never have had the opportunity of protesting a single note if it had not been for his employment by the banks.

The trial court found that the plaintiff's duties " were virtually restricted to the functions of a notary public in the protesting department of the defendant bank." The entire record, in my opinion, clearly establishes this, and shows that plaintiff's clerical work was incidental and necessary to the work of protesting the notes and occupied but a very small portion of his average day. Every two weeks during the long period in question plaintiff acknowledged in writing the receipt of the amount paid to him as payment in full for all services rendered to and including the date indicated on the receipt.

The case of *Pitsch* v. *Continental and Commercial National Bank of Chicago* (305 Ill. 265; 137 N. E. 198) is factually distinguishable from the case at bar. There the notary received no salary and his sole compensation was an agreed percentage of the protest fees collected, which in Illinois are apparently fixed at a definite stated amount. In New York (Executive Law, § 105, subd. 2) only a maximum fee is fixed. Less than that maximum or nothing at all may be charged by the notary. While a contract whereby a public officer agrees to perform services required of him by law for a less compensation than that fixed by law is contrary to public policy and void, it was held in the case of *Hobbs* v. *City of Yonkers* (102 N. Y. 13) that a public officer may by his conduct in the presentment and settlement of his accounts release claims for official fees *theretofore* earned and accept a lesser amount despite the fact that the agreement made before appointment was held to be illegal. In the present case entirely apart from the illegality or invalidity of the agreement of September 24, 1929, so far as it was executory, plaintiff had the right after the fees had accrued to assign the fees already earned. By his semi-monthly receipts in full for all compensation theretofore earned he remitted and released all claims for notary fees that had accrued before the receipts in full were executed. By his course of conduct during all the years in question, he should be debarred and estopped from now asserting this claim.

In *Second National Bank of Ashland* v. *Ferguson* (114 Ky. 516; 71 S. W. 429) it was held that an agreement beforehand to commute fees as a notary public or to assign them to the bank was not binding on the notary, but when after services had been rendered and the fees earned he accepted a gross sum in satisfaction of his fees and as compensation for his work as a bookkeeper a different question was presented, and the notary had the right to assign to the bank or to anybody else his fees for services already rendered. (See, also, *Mussing* v. *Corn Exchange National Bank*, 173 Ill. App. 53; *Boster* v. *First National Bank*, 5 Fed. Supp. 15; *Weart* v. *National Bank of Dunellen*, 115 N. J. L. 128; 178 A. 758.)

The result about to be reached gives the plaintiff a judgment in the sum of $25,237.50, with interest from the date of his discharge on December 15, 1932, without even giving credit to the bank for the salary concededly paid him in the sum of $5,976 or credit for any of the other expenses necessarily involved in the work. On all the facts disclosed, he and not the bank is unjustly enriched by this result.

Accordingly I dissent and vote to reverse and direct judgment for the defendant.

Judgment modified by disallowing the salary credit and increasing it to $25,237.50, with interest from December 15, 1932, and as so modified affirmed, with costs to plaintiff. Settle order on notice.