Essex County Circuit Court.

MICHAEL A. CASTELLANO, PLAINTIFF, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT.

Decided March 12, 1943.

For the plaintiff, *Harry Phillipson.*

For the defendant, *Raymond Schroeder* (*Joseph A. Ward,* of counsel).

SMITH, JOSEPH L., C. C. J.  This case is submitted to the court without a jury.  The facts are to be found as stated in the agreed stipulation of facts and depositions, which are made a part hereof as if fully set forth herein.

This is an action brought by the plaintiff, Michael A. Castellano, as an attorney-at-law of the State of New Jersey, against the defendant, the City of Newark, a municipal corporation, for alleged statutory compensation claimed to be due the plaintiff for taking acknowledgments to tax sales certificates of Reginald Parnell, Esq., then director of the Department of Revenue and Finance of the said city, and acting comptroller.

These acknowledgments were taken in connection with four tax sales, as follows:

On or about August 10th, 1933, 3,279 acknowledgments;

On or about August 15th, 1934, 2,921 acknowledgments;

On or about October 30th, 1934, and December 18th, 1934, 3,020 acknowledgments;

On or about November 15th, 1934, 2,144 acknowledgments.

This made a total of 11,364 acknowledgments admittedly taken by plaintiff for which he seeks to be compensated as

an officer of this state, by a fee of $1 for taking each acknowledgment, a total of $11,364. with interest.

Mr. Castellano has been a member of the bar of our state since November, 1907, a period of 32 years at the time he made his claim. He has been an employee of the defendant, the City of Newark, for upwards of 30 years, and since 1920 held the classified position under civil service, of title searcher.

In fact, he was, on September 18th, 1933, appointed supervisor of a newly created division called Tax Certificate Foreclosure Division, in the comptroller's office, created for the purpose of reducing all tax certificates to cash. He received an annual salary of $2,800. He signed payroll sheets during the entire period covered by his alleged claim, as follows:

"Received from the City Treasurer the sum hereunder placed opposite my name in full payment for services rendered by me and for the entire time specified in this Pay Roll."

The plaintiff claims these acknowledgments were taken by him pursuant to *R. S.* 54:5-46; *N. J. S. A.* 54:5-46, which reads as follows:

"The officer holding the sale shall deliver to the purchaser a certificate of sale under his hand and seal, acknowledged by him as a conveyance of land * * *."

*R. S.* 54:5-38; *N. J. S. A.* 54:5-38, provides for reimbursement to the municipality for expenses of sale as follows:

"All fees and expenses (of the selling officer) shall form part of the tax lien and be paid by the purchaser at the tax sale."

The plaintiff contends his authority to take said acknowledgments is to be found in *R. S.* 46:14-6; *N. J. S. A.* 46:14-6, as follows:

"The officers of this state authorized to take acknowledgments or proofs in this state under authority of this section are the Chancellor, a Justice of the supreme court, a judge of the court of common pleas of any county, a master in chancery, an attorney at law, a notary public, a commissioner of deeds appointed for any county, a clerk of the court of common pleas of any county, a deputy county clerk, a surrogate or deputy surrogate of any county, and a register of deeds and mortgages of any county."

He contends, having taken these acknowledgments by authority of the aforesaid statute (*R. S.* 46:14-6; *N. J. S. A.* 46:14-6) he did so as an officer of the state authorized by law so to do and further contends he is entitled to be compensated as a public officer authorized to take acknowledgments, and that his compensation is statutory, and governed by the provisions of *R. S.* 22:4-12; *N. J. S. A.* 22:4-12, as follows:

"Acknowledgments, proofs, affidavits and oaths. For a service specified in this section * * * judges and other officers authorized by law to perform such services, shall receive a fee as follows:

"* * * For taking all acknowledgments, one dollar."

This statute merely fixes the amount, not the person who shall pay. It says the officer shall receive, not that the person for whom the acknowledgment is taken and benefits thereby should pay. The city charged for each acknowledgment taken by the plaintiff as a part of the cost of sale, fifty cents (50c.) per acknowledgment.

No claim was made until on or about July 9th, 1939, by the plaintiff against the defendant city, and he admits that he did not know till shortly before that he had any claim. He claims he did not know at the time the acknowledgments were taken that he was entitled to statutory compensation.

The defenses of the city are that the plaintiff was its paid employee; that it was his duty as part of his employment and services to take acknowledgments to tax sale certificates for which he received an annual salary; that such salary was full compensation for his services, including the taking of acknowledgments; that these services were rendered without expectation of additional compensation; that the plaintiff signed payroll receipts in full payment for services rendered by him during this period; that this was a waiver by plaintiff and that he was paid in full.

The fact that he was a lawyer no doubt caused his assignment to head this division.

The plaintiff took acknowledgments in his capacity as an attorney-at-law. His employment with the City of Newark was as a supervisor, for which he received an annual salary and included therein and contemplated by the performance

as a part of such services, was the taking of acknowledgments to tax sales certificates. As of the time of plaintiff performing this alleged service in taking acknowledgments, there was no statutory provision fixing compensation for such services by an attorney-at-law. The plaintiff bases his claim on *R. S.* 22:4-12; *N. J. S. A.* 22:4-12. That act provides for compensation in the sum of $1 for taking acknowledgments, by certain named officers and "other officers authorized by law," which would now include attorneys. Chapter 214 of the Laws of 1920, predecessor to *R. S.* 22:4-12; *N. J. S. A.* 22:4-12, which was in force at the time the alleged services were performed, makes no provision for compensation as now claimed by the plaintiff, for taking acknowledgments by an attorney-at-law. This fact alone would have been sufficient answer to any claim the plaintiff now presents.

In addition to the above, it is clear from the facts, that this plaintiff had no understanding or agreement with the city and that not until nearly four years after taking his last acknowledgment did he attempt to present any claim against the defendant municipal corporation. The facts clearly disclose that he received his salary during this period, that he admitted his salary was for the services he performed in taking such acknowledgments, as he wrote under date of February 8th, 1925, to Director Parnell, among other things, as follows:

"In the 3 tax sales had in our regime, I took your acknowledgments, approximately 12,000 times, for which the city collected fifty cents for each acknowledgment, at that rate I earned for the city approximately $6,000.00 for that work alone. However, my salary since my appointment in August, 1933, to wit, 18 months, amounted to the sum of $3,687.00, just $2,313.00 less than what I earned for taking the acknowledgments."

Concededly, Mr. Castellano expected or rather hoped for an increase in salary due to this assignment, but then by a change in the directorship of the department where he served, such increase was never granted. That is what he expected, not statutory compensation for work he had already been paid for through receipt of his annual salary.

Assuredly, if he had any such claim he waived it from all the proofs in this case. *Kane* v. *City of Newark*, 129 *N. J. L.* 562; 30 *Atl. Rep.* (2d) 404; *Vander Burgh* v. *County of Bergen*, 120 *N. J. L.* 444; 200 *Atl. Rep.* 561; *Weart* v. *First National Bank of Dunellen*, 115 *N. J. L.* 128; 178 *Atl. Rep.* 758.

Judgment in favor of the defendant, no cause for action, will be accordingly entered.