■ In the Matter of JERRY A. DE PAOLO, Appellant, v. HARRY I. BRONSTEIN, as Personnel Director of the Department of Personnel of the City of New York, et al., Respondents. In the Matter of JERRY A. DE PAOLO, Petitioner, v. HARRY I. BRONSTEIN, as Personnel Director of the Department of Personnel of the City of New York, et al., Respondents.— Resettled judgment of Supreme Court, New York County, entered October 12, 1972, unanimously reversed, on the law and in the exercise of discretion, and the determination of respondent Civil Service Commission, dated December 4, 1972, unanimously annulled on the law and in the exercise of discretion, without costs and without disbursements, the resettled judgment vacated, and the matter remanded to respondent Civil Service Commission for further proceedings consistent herewith. In 1961 petitioner, while employed by the City of New York as a parking meter collector, allegedly stole $177.30 from the city. He thereafter pleaded guilty to petit larceny (to cover a charge of grand larceny) and his employment was terminated. In July, 1970, after passing a civil service examination, he was appointed (subject to later investigation for character and fitness) to the position of Sanitation Man. Three months later, he was allegedly

injured during the course of his employment. In December, 1970 petitioner completed a questionnaire in which he omitted reference to the 1961 investigation and falsely denied ever being discharged or that he was asked to resign from any employment or that he was the subject of disciplinary action. Subsequently the city discovered that petitioner was on its disqualified list (a compilation of names of those deemed ineligible for city employment) and his employment was terminated. Petitioner's application for reinstatement and other related relief was denied at Special Term, except to the extent of permitting recovery for medical and hospital care, reserving for trial the issue of the length of disability. Contemporaneously, petitioner sought removal care, reserving for trial the issue of the length of disability. Contemporaneously, petitioner sought removal of his name from the disqualified list, which was denied, after a hearing, in a cryptic one-sentence decision which omitted any reasons therefor. Special Term denied reinstatement because of the less than candid answers to the personal history questionnaire. Respondents, conceding that Special Term may have erred in relying on such reason, press their contention that an affirmance is nevertheless justified by virtue of section 1116 of the New York City Charter, which excludes forever from city employment any person who, *inter alia,* converts public property to his own use. Completely overlooked, however, is the fact that petitioner has obtained a certificate of relief from disabilities. (Correction Law, § 701.) A stated purpose (subd. 1) of the section is " to remove any bar to [an eligible offender's] employment, automatically imposed by law by reason of his conviction of the crime or of the offense specified therein." The only proviso is that the recipient of such certificate shall not be eligible for " public office ". While the precise distinction between public office and public employment has not been judicially defined (*Matter of Dawson* v. *Knox,* 231 App. Div. 490), we do not consider a sanitation man the holder of a public office. Since we believe the salutary intention underlying the Legislature's enactment of article 23 of the Correction Law now proscribes a rigid application of section 1116 of the New York City Charter, we remand for a reconsideration of petitioner's eligibility in light of the certificate issued and the evidence of rehabilitation presented. Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.