Harold Hyman J.
The defendant herein moves for an amended "Certificate Relieving him of Disabilities”. His intent is to obtain a notary public commission from the Secretary of State and to work in the courts as a court reporter.
Heretofore, and on July 9, 1974, defendant was accused by the Grand Jury of the County of Queens, with having committed three felonies involving a sawed-off shotgun.
On August 28, 1974, defendant pleaded guilty to "Attempted Possession of a Weapon” a class "E” felony. After a full probation report, he was sentenced to five years’ probation.
Thereafter, on January 24, 1977, upon the application of the Probation Department, the defendant was discharged from probation status and, upon defendant’s simultaneous application therefor, received from the court a "Certificate of Relief from Disabilities” relieving defendant of all forfeitures, and disabilities and bars to employment, but excluding the right "to retain or to be eligible for public office”. It is the latter exclusionary provision which defendant now seeks to be deleted.
Subdivision 1 of section 701 of the Correction Law places distinct and unequivocal restriction upon the court in issuing such a certificate, even as to an eligible offender, by proscribing that, "Provided, however, that no such certificate shall apply, or be construed so as to apply, to the right of such person to retain or to be eligible for public office”.
Since the office of "Notary Public” constitutes one a "public officer” (People v Rathbone, 145 NY 434; People v Wadhams, 176 NY 9; Matter of Patterson v Department of State, 35 AD2d 616; Matter of De Paolo v Bronstein, 45 AD2d 691, 692), *226 and since this application is not one wherein this court may exercise its discretion, the motion must regretfully be denied.